PER CURIAM.
On May 2, 1977 defendant pled guilty to one count of public bribery as part of a plea bargain. Consistent with that bargain he was sentenced to five years at hard labor, the sentence to be served concurrently with a five year federal sentence previously imposed for the same conduct, and subject to “any type diminution which may fall” to defendant’s advantage in Federal Court. Simultaneously, and consistent with the bargain, the Court on motion of the defendant ordered a deferral of execution of the state sentence “until such time as execution of the federal sentence.”
Court minutes for May 2, 1977 further reflect that ten additional counts of public bribery were nol pressed, the transcript of the hearing reflecting that these additional charges would be dismissed “subject to . the fact [defendant] will cooperate one hundred percent truthfully with the state investigation before the grand jury and any subsequent testimony at any subsequent trial.”
We are not here confronted with a contention by the state that they are entitled to reinstitute prosecution on the ten nol pressed charges because defendant may not have lived up to his agreement to cooperate with federal and state prosecutors. Nor are we presented a contention that the sentence imposed should be nullified, defendant’s guilty plea withdrawn and prosecution reinstituted. Nor need we decide at this time what may be the effect upon defendant’s obligation to serve the state sentence should defendant’s federal conviction be reversed by the Fifth Circuit Court of Appeal.
The only question is whether, with respect to the time of execution of the state sentence, the trial judge for whatever reason may change the effect of defendant’s plea inducing agreement with the state, and order execution of the state sentence now, before execution of the federal sentence.
We conclude that he may not. Implicit in the bargain is the fact that but for each element of the sentence, including deferred execution, defendant would not have pled guilty. Accordingly the writ sought by defendant is granted. Execution of defendant’s sentence is deferred “until such time as the execution of the federal sentence” consistent with the trial court’s order entered simultaneously with entry of defendant’s guilty plea.
DENNIS, J., joins in the per curiam opinion and assigns additional concurring reasons.
SANDERS, C. J., dissents from this disposition, but would remand this case for an evidentiary hearing to determine whether defendant breached the plea agreement.